**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM BULGARIA ) | |
| IN THE MATTER OF ) | Misc. No. 08- |
| NIKOLOV ) | |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Bulgaria. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Bulgarian authorities who are investigating a case of alleged illegal exportation of meat using falsified documents.

EVIDENCE SOUGHT:

The Bulgarian authorities seek information from the Delaware Secretary of State's Office and another company that resides in this district. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the

court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Bulgaria and hence the request comes well within those circumstances

contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 2JUN08

| "ОРХИДЕЯ-94" ЕООД<br>Агенция за преводи<br>София 1415, кв. Драгалевци<br>ул. "Чемшир" 16<br>тел.: (+3592) 967 5281<br>факс: (+3592) 967 3778 |  | ORCHID-94 Ltd.<br>Translation and Interpreting Agency<br>1415 Sofia, Dragalevtsi Quarter<br>16, Chemshir Street<br>Tel.: (+3592) 967 5281<br>Fax: (+3592) 967 3778 |
|---|---|---|

Certified translation from the Bulgarian



**SUPREME CASSATION PUBLIC PROSECUTOR'S OFFICE**
INTERNATIONAL LEGAL COOPERATION DEPARTMENT
Sofia 1061, 2, Vitosha Blvd., tel.: +359 2/92 19 330
Fax: +359 2/988 58 95
e-mail: mpp_vkp@prb.bg

No. 28/2007-IV
(Please quote in all correspondence)
Sofia, 14.03.2008

TO
THE COMPETENT JUDICIAL
AUTHORITIES OF
THE UNITED STATES OF AMERICA

LETTER ROGATORY

By

THE SUPREME CASSATION PUBLIC PROSECUTOR'S OFFICE OF THE REPUBLIC
OF BULGARIA, SOFIA, 2 VITOSHA BLVD., PALACE OF JUSTICE

DEAR SIRS,

The Sofia City Public prosecutor's Office instituted preliminary proceedings based on Prosecutor's File No. 2902/2008, pre-trial proceedings No. 155/2007 as registered at the National Investigation Service for a criminal offense "documentary fraud" under Article 212, par. 5 read with par. 3, proposition 1 read with par. 1 proposition 1 read with Article 20, par. 2, par. 3 and par. 4 read with Article 26, par. 1 of the Bulgarian Criminal Code.

In the course of the investigation evidence has been collected for an offense committed – "money laundering" and "evasion of tax liabilities" pursuant to Article 253 and 255 of the Bulgarian Criminal Code.

The criminal proceedings are being conducted against the Bulgarian nationals Ms. Elena Petrova Nikolova, born on ▇▇▇▇ and Mr. Mario Alexiev Nikolov, born ▇▇▇▇. The investigation found that the accused persons have carried out through the Bulgarian companies "Palmigroup" Plc. and on the basis of two licenses 91 importations of frozen rabbit hind legs from China with a total weight of 2,150,848 kg. The meat was stored in a retail depot in the city of Sofia. Additional processing of the meat was carried out in

936-S-28LR(USA)  182-28202

1

"Ptitseklanitsa Chubritsa" Plc. and "Rodopa Shumen 1884" Plc. aimed at its export to member states of the European Union. The meat was declared as of Chinese origin at delivery to the retail depot, however when transferred to the two processing companies, it was labeled as of Argentinean origin.

After processing, the meat was exported from the Republic of Bulgaria by a Bulgarian company Elpine trade-Elena Nikolova Sole Trader with forged documents, indicating that it was supplied by an American company "KINGSTON ENTERPRISES LLC", reg. No. 3307183 and address SUITE 606, 1220 N. MARKET STREET, WILMINGTON, DELAWARE 1980, USA.

The whole batch of meat was exported with forged documents for country of origin on the basis of contracts to the member states of the European Union – the Federal Republic of Germany, the Republic of France and the Kingdom of Spain.

A parallel investigation conducted by the European Union Anti-fraud Service – OLAF (No. OF/2007/0006) has found that the export price of the meat in South America is much higher that the import price of the meat in the Republic of Bulgaria.

With view to the above, the two accused have been charged for the fact that in the condition of continuous crime they carried out 41 times export from the Republic of Bulgaria to member states of the European Union of frozen rabbit hind legs with a total weight of 537,656 kg valued at 3,701,783 Bulgarian leva. This money has been acquired without legal basis and comprises funds released by institutions belonging to the European Union.

The evidence collected in the course of the investigation leads to the conclusion that all payments referring to the supply and sale of the rabbit meat have been made using bank accounts of KINGSTON ENTERPRISES LLC aimed at reducing the profit and evasion of due taxes.

In order to clarify the circumstances in the case, it is necessary to carry out investigative actions in the United States of America, namely:

1. To provide information to the Bulgarian judicial authorities whether the company KINGSTON ENTERPRISES LLC", reg. No. 3307183 and address SUITE 606, 1220 N. MARKET STREET, WILMINGTON, DELAWARE 1980, USA has been registered in the relevant legal way;

2. In case the company really exists and operates commercially – to establish the exact identity and residence address of the proprietors of the company; to interview them in the capacity of witnesses about the involvement of Bulgarian nationals in the setting up of the company and the paying in of capital, asking them to reply to the following questions:

    A). Whether they have clients from Bulgaria and whether they have undertaken transactions with them in the period from 01.01.2004 to 31.12.2005;

    B). Whether among those clients is the company Palmigroup Plc., Bulstat No. 130785771 and address: 9 D. Hadjikotsev Street, city of Sofia 1421, Bulgaria.

3. In case the company Palmigroup Plc. was a client of KINGSTON ENTERPRISES LLC – to find out with whom negotiations have been conducted and if there were written contracts, to provide a copy thereof, to find out when and what kind of goods have been sold, in what ways these have been paid by the client, with what documents the sale and the payment were entered in the account books;

4. To find out whether the company KINGSTON ENTERPRISES LLC has been supplier of rabbit meat for companies in the Federal Republic of Germany, the Republic of France and the Kingdom of Spain in the said period, and if it was – on what ground, whether it received its money for the supply and what sums and to which concrete person as sub-contractor were transferred to the Republic of Bulgaria.

5. In case there are documents referring to the contractual relations between the said companies – to provide to the Bulgarian judicial authorities certified copies of all documents available, including bank and accounting documents.

6. To find whether the company KINGSTON ENTERPRISES LLC issued invoices with dates and amounts in US dollars in their capacity of suppliers to Bulgarian companies and in Euro in their capacity of suppliers to clients in the Federal Republic of Germany, the Republic of France and the Kingdom of Spain, according to the list attached to this Letter Rogatory, in the form of Table consisting of 8 pages.

I request to have the said investigative actions, pursuant to Article 18 read with Article 3 and 2 of the UN Convention against Transnational Organized Crime and in accordance with the principle of reciprocity executed according to the concrete request by your competent authorities according to your laws and we declare our readiness to execute on our behalf requests for legal assistance, addressed by the judicial authorities of the United States to the Bulgarian judicial authorities in similar cases.

We avail of this opportunity to present our compliments to the judicial authorities of the United States of America and to assure them of our desire for fruitful cooperation.

ATTACHMENT: Judicial request based on Prosecutor's File No. 2902/08 as registered at the Sofia City Public Prosecutor's Office, Investigation case No. 155/2007 as registered at the National Investigation Service.

PROSECUTOR,

CHIEF OF SECTOR: (signed)

(IV. KOTOROVA

THE PROSECUTION OF THE REPUBLIC OF BULGARIA
Hereby certifies the authenticity of the signature and stamp set on this document
Pursuant to Article 4 of the Rules on the legalization, certification, translation of documents and other papers
Sofia, 14.03.2008
Signature: (signed)

The undersigned George Koynov Mitev certifies by his signature that the translation from the Bulgarian into the English language of the attached document Letter Rogatory is authentic. This document consists of 3 pages.
Translator:
George Koynov Mitev, Civil PIN (EGN) 3905096261

ORCHID-94" HEREBY OFFICIALLY
CERTIFIES THAT THE ABOVE
TRANSLATION IS IN FULL CONFORMITY
WITH THE (ATTACHED) ORIGINAL
PASSAGE(S) MARKED IN THE
(ATTACHED) ORIGINAL
SOFIA _____  DIRECTOR _____

936-S-28LR(USA)

3

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) <br> FROM BULGARIA ) <br> IN THE MATTER OF ) Misc No. 08- <br> NIKOLOV ) | |

<u>ORDER</u>

Upon application of the United States of America; and upon examination of a letter of request from Bulgaria whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Bulgaria and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Bulgarian authorities as follows:

    1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

    2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party

shall be required);

      3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Bulgaria, which procedures may be specified in the request or provided by the Bulgarian authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Bulgarian authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2008.

_____
United States District Court Judge